# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**JEROME SULLIVAN, JR.**                                                                              **PLAINTIFF**

V.                                      NO. 2:23-cv-00215-LPR-ERE

**TYRAN MCCRADICK and**
**JERMIAH ODELL**                                                                                    **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

*Pro se* plaintiff Jerome Sullivan, Jr., an inmate currently incarcerated at the Arkansas County Detention Center ("Detention Center"), filed this lawsuit under 42 U.S.C. § 1983 complaining about the alleged unconstitutional conditions of his

confinement.[1] *Doc.2*. He sues Jail Administrator Tyran McCradick and Captain Jermiah Odell.

For the following reasons, Mr. Sullivan's complaint should be dismissed for failure to state a plausible constitutional claim for relief.

### III.  Discussion:

   A.   Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Sullivan has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot

---

[1] In his complaint, Mr. Sullivan explains that he is currently waiting to be transferred to the Arkansas Division of Correction. *Doc. 2 at 3*. Accordingly, as a convicted person, Mr. Sullivan's claims will be analyzed under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 533 (1979).

simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

B. Mr. Sullivan's Complaint

Mr. Sullivan's complaint alleges that Detention Center officers have served him food without wearing hairnets or proper personal protective equipment. He states that Defendant Jermiah Odell responded to his grievance regarding this conduct by stating, "he talked to officers about it." *Id. at 4*. Mr. Sullivan explains that no further action has been taken and officers continue to serve him food "unprotected." *Id*. As a result, he fears for his health.

(1) Eighth Amendment Claim Against Defendant Odell

To plead a plausible Eighth Amendment inhumane conditions of confinement claim, Mr. Sullivan must allege facts to arguably show that: (1) objectively, he suffered an "extreme deprivation" that was "sufficiently serious" enough to deny him "the minimal civilized measure of life's necessities," or to pose "a substantial risk of serious harm" to his health or safety; and (2) subjectively, Defendant Odell was deliberately indifferent to the risk of harm posed by the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Thus, Mr. Sullivan must, at a minimum, allege facts suggesting that Defendant Odell was substantially aware of, but disregarded,

3

an excessive risk to Mr. Sullivan's health or safety. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

Mr. Sullivan's complaint fails to allege facts suggesting that Defendant Odell either: (1) denied him any of life's necessities; or (2) disregarded an excessive risk to his health or safety. Mr. Sullivan's allegations that, on several occasions, officers served him food without wearing appropriate personal protective equipment fall exceedingly short of alleging that he suffered an extreme deprivation even arguably violating his constitutional rights. See *Wilson v. Bashan*, 2017 WL 6542545, at *2 (E.D. Ark. Nov. 29, 2017), report and recommendation adopted, 2017 WL 6542503 (E.D. Ark. Dec. 21, 2017) (inmate who alleged that jailers served food without wearing hairnets, among other complaints, failed to state a claim regarding the unconstitutional conditions of his confinement).

Mr. Sullivan's proposed claim against Defendant Odell should be dismissed for failure to state a claim.

(2) No Allegations Against Defendant McCradick

Mr. Sullivan's complaint fails to reference Defendant McCradick. Nor does it describe what Defendant McCradick did or failed to do that allegedly violated Mr. Sullivan's constitutional rights. See *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.").

Mr. Sullivan's proposed claim against Defendant McCradick should be dismissed for failure to state a claim.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Sullivan's complaint be DISMISSED, without prejudice.

2. The Court recommend that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g) and certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

3. The Clerk is instructed to close this case.

Dated 30 October 2023.

_____
UNITED STATES MAGISTRATE JUDGE